REQUESTED BY: James J. McNally, Wheeler County Attorney, P.O. Box 97, Bartlett, Nebraska, 68622.
1. Is the County Board obligated to maintain the county roads within their jurisdiction and if so, what standard governs the maintenance of a particular county road?
2. If a mandamus action were brought against the County to maintain this road to meet minimum standards would lack of funds be a defense to the action?
3. If a mandamus action were brought against the County alleging abuse of discretion in maintenance of a county road and was successful, would the County be responsible for the relator's attorney fees or would the individual members of the County Commissioners be responsible for his own attorney fees?
Yes, the standards adopted by the Board of Public Roads Classifications and Standards.
Yes, unless the County Board was acting in an arbitrary and capricious manner.
The county may be responsible for the attorney's fees.
In the fact situation presented, you state that the county road in question is a rural mail route, therefore, responsibility for maintenance is with the County Board since Neb.Rev.Stat. § 39-1004 (Reissue 1978) provides in part:
 `The responsibility for improving and maintaining rural mail route and star mail route roads shall rest upon the county board within each county, regardless of the county in which any rural mail route or star mail route may originate. . . . Said rural mail route and star mail route roads . . . shall be maintained by the county. . . .'
In regard to the second part of the first question, as to what standard governs the maintenance of county roads, Neb.Rev.Stat. § 39-2113 (Supp. 1980) provides in part:
 `In addition to the duties imposed upon it by section 39-2109, the Board of Public Roads Classifications and Standards shall develop minimum standards of design, construction, and maintenance for each functional classification set forth in sections 39-2103 and 39-2104. Except for scenic-recreation road standards, such standards shall be such as to assure that each segment of highway, road, or street, will satisfactorily meet the requirements of the area it serves and the traffic patterns and volumes which it may reasonably be expected to bear. . . .'
Rule 5 of the rules and regulations of the Board of Public Roads Classifications and Standards defines `maintenance' as:
 `. . . the preservation and upkeep of a highway or street, including all of its elements, in a condition as near as is practical to the original or as constructed condition in order to provide the road user with a safe and convenient highway facility.'
You ask if lack of funds would be a defense to a mandamus action and state that the county is spending as much on this road on a per mile basis as on other county roads.
The Nebraska Supreme Court has held in cases dealing with the repair of bridges that in determining what bridges shall be repaired when there are not sufficient funds for all, that it will not control the discretion of the County Commissioners unless there is a clear abuse of discretion.State ex rel. Goossen v. Board of Supervisors, 198 Neb. 9,251 N.W.2d 655 (1977); State ex rel. Heil v. Jakubowski,151 Neb. 471, 38 N.W.2d 26 (1949).
If the county does not have sufficient funds to maintain all the county roads and has not acted in an arbitrary and capricious manner in deciding which road and the type and amount of maintenance to be done to a particular road, then in our opinion, the lack of funds would be a defense to a mandamus action. The fact that the county is spending as much on a per mile basis on a particular road may or may not be a defense to a mandamus action, depending on all surrounding circumstances.
If a mandamus action was brought against the county, and the relator was successful, the county may be responsible for the relator's attorney fees, since Neb.Rev.Stat. §25-2165 (Supp. 1981) provides in part:
 `. . . In addition to damages, the court may also award costs and reasonable attorney's fees. The costs and attorney's fees shall be paid by the governmental body represented by the public official or employee.'
Very truly yours,
PAUL L. DOUGLAS Attorney General
Robert G. Avey Assistant Attorney General
Approved:
Paul L. Douglas
Attorney General